# Staunton

JOE GAMBLE v. COMMONWEALTH OF VIRGINIA.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*H. C. L. Richmond* and *S. H. Bond,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused, Joe Gamble, was convicted of the unlawful possession of ardent spirits and his punishment fixed at a fine of $50.00 and thirty days' confinement in jail. He and one Mack Turner had been jointly indicted and both were convicted and given the same sentence.

The one question involved upon this writ of error is the refusal of the court to set aside the verdict and grant a new trial to the accused on the ground that the verdict was contrary to the law and the evidence.

The evidence discloses that the accused and Mack Turner, on the day preceding the night of the arrest, went to Tennessee, obtained whiskey there and drank it. Later they returned to Gate City, bringing two girls with them. The four went into the barber shop of Mack Turner. The sheriff of the county, upon returning to his home at the

jail about two o'clock A. M., heard a noise and saw a light in Turner's barber shop. He and one of his deputies went to the door of the shop and entered. Turner was sitting in a barber chair in the front room and the accused was in the back room with his coat lying on a chair and a white-handle pistol lying on the coat. When the officer entered, Turner ran out of the front door. The accused, who was in the back room, tried to hide the pistol. The officers followed Turner, but later returned to the shop and found a pint bottle of whiskey lying on the coat of the accused where the sheriff had first seen the pistol. The accused had been drinking and tried to make his escape through a window, but he did not get away.

The accused and Turner testified. Turner testified that he had given one of the girls a pint bottle of whiskey just before the sheriff entered the shop. He testified that the accused had not purchased any whiskey and had no interest in any whiskey in the shop. He further testified that all of the whiskey found by the officers on that occasion was his and that the accused had nothing to do with it.

The accused also testified that he had nothing whatever to do with the whiskey found in the shop and that he did not know that it was lying on his coat. There was no other evidence introduced at the trial.

The Attorney-General contends that the evidence supports the verdict of the jury and that it either establishes that the accused personally owned the whiskey found in the room he was occupying or that it establishes his control over it.

 We are unable to agree that the evidence supports the contention made. It simply discloses that a pint of whiskey was found lying on the coat of the accused in the room occupied by him when the officers made their second visit to the shop. It evidently was not there when they made their first visit, because upon that visit they saw the pistol lying on the coat, but did not see the whiskey. The testimony of the accused and Turner is not

contradicted in any respect. A just and reasonable inference may be drawn from the evidence that the girl to whom Turner had given the pint of whiskey laid it on the coat of the accused as she left the room upon the entry of the officers. This inference is entirely consistent with the innocence of the accused.

■ There is no conflict in the testimony. That offered by the Commonwealth is not denied by the accused and that offered by the accused is not contradicted by any of the testimony of the Commonwealth. The evidence shows that the accused was neither the owner of the shop nor a tenant; therefore, no presumption can arise that he was in the possession of the whiskey from the fact that it was found on the premises.

When the evidence of the Commonwealth is viewed in its most favorable light and the uncontradicted testimony of the accused and Turner is considered, it is clear that there was not sufficient evidence to show the guilt of the accused beyond a reasonable doubt.

■ The mere presence of a person in a room where a crime is being committed, even though he knows that it is being committed, is not a crime, and alone is not sufficient to establish his participation in it. To support a conviction of the charge of unlawful possession of whiskey, there must be something more than proof of the mere presence of the accused. There must be evidence of his ownership of, interest in, or control over it, or the circumstances surrounding his presence must be such that from them it may be reasonably inferred beyond a reasonable doubt that he was in possession of the whiskey, or had an interest therein, or control over it. The conclusion to be deduced from the circumstances shown must be consistent with his guilt and not consistent with his innocence. *Spratley* v. *Commonwealth,* 154 Va. 854, 152 S. E. 362.

The verdict is set aside and the judgment of the trial court is reversed.

*Reversed.*